C. P. OWENS AND WIFE, BETTY SUE OWENS, v. J. W. ELLIOTT AND WIFE, WINNIE ELLIOTT.

(Filed 23 May 1962.)

**1. Appeal and Error § 54—**

Where the evidence and stipulations of the parties are insufficient to support the court's conclusion that as a matter of law the street in question had been dedicated to the public, a new trial must be awarded in order that the questions of law and issues of fact raised by the pleadings may be determined in the light of all pertinent and competent evidence.

**2. Dedication § 1—**

A purchaser of a lot outside the boundaries of a subdivision has no rights with respect to dedicated streets of the subdivision other than

those of the public generally and, when the public has no rights or they are extinguished by the withdrawal of the dedication, such purchaser has no rights therein.

**3. Dedication § 2—**

While the sale of lots in a subdivision with reference to a map showing streets constitutes a dedication of such streets to the purchasers of the lots, as to the public it is but an offer of dedication which does not constitute such streets public ways until the offer of dedication is accepted in some recognized legal manner by the proper public authorities.

**4. Dedication § 1; Highways § 4—**

Permissive use of land by the public does not constitute a dedication or constitute the land a public way.

**5. Dedication § 1—**

A valid offer to dedicate must be made by the legal or equitable owner of the fee or, at least, with his consent.

**6. Dedication § 5; Highways § 10—**

An individual may restrain the wrongful obstruction of a public way only if he will suffer injury thereby distinct from the injury to the public generally.

**7. Same—**

If a public way is obstructed to the peculiar injury of an individual, such individual may be entitled to injunctive relief to end the obstruction and may recover such special damages as he has suffered up to the time the obstruction is removed, but he is not entitled to recover permanent damages measured by the difference in the market value of his own land before and after the obstruction.

APPEAL by defendants from *Walker, S.J.,* September 1961 Regular Civil Term of WILKES.

Action to recover damages suffered by reason of a street, allegedly dedicated to public use, having been barricaded and obstructed by defendants, and for injunctive relief. The verdict was favorable to plaintiffs.

Judgment was entered ordering defendants to remove the obstruction, permanently restraining them from closing and barricading the street, and awarding plaintiffs $500 in damages.

Defendants appeal.

*Ralph Davis for defendants, appellants.*
*Whicker & Whicker for plaintiffs, appellees.*

MOORE, J. The allegations of the complaint are summarized as follows: Prior to 1 July 1958 Howard Owens and wife subdivided a portion of their land into 108 lots. In connection with this subdivision

they laid out, graded, constructed and gravelled an unnamed street (hereinafter referred to as the "Street") for access to the lots and the remainder of their property. The Street extends from the Crysel Road (a public highway) to the Pads Road ( a public highway). They dedicated the Street to the use of the public and the owners of the lots in the subdivision. On 11 July 1958 they sold and conveyed the 108 lots to defendants and described the lots with reference to a map of the subdivision. Defendants subsequently sold a number of the lots and described them by reference to the recorded map. Howard Owens and wife deeded to plaintiffs a lot situate at the northwest intersection of Crysel Road and the Street. The description refers to the Street. The lot abuts the western margin of Crysel Road a distance of 100 feet, and the northern margin of the Street 150 feet. Plaintiffs erected a dwelling facing the Street, and constructed a driveway from the Street to the carport. In 1960 defendants barricaded the Street, and in March 1961 made the Street impassable by filling it, in front of plaintiffs' lot, with dirt and rock to a depth of several feet. Prior thereto the Street had been used by the public. Plaintiffs are denied vehicular access to their lot by reason of a steep bank along the margin of Crysel Road. Plaintiffs have no adequate remedy at law. They have been damaged in the amount of $2500.

Defendants aver: Plaintiffs purchased a lot from Howard Owens and wife and built a house thereon. Plaintiffs' lot is not one of the 108 lots of the subdivision, is not shown on the subdivision map, and plaintiffs have no right to use the Street. Defendants' deed from Howard Owens and wife is prior to that of plaintiffs. Howard Owens and wife conveyed their title and interest in the Street to defendants. It is a private way, owned by defendants, and has not been dedicated to public use. Defendants obstructed the Street to prevent trespassing. The deeds to the lots sold by defendants do not refer to the subdivision map; and the purchasers were told that the Street was a private, and not a public, driveway — they understood and agreed. The Street was opened, improved and paved at the expense of defendants and the lot owners, and has never been used by the public. Public authorities have refused to accept the Street as a public highway. Plaintiffs have access to their lot from Crysel Road, and have suffered no damage by the closing of the Street.

After the jury was empaneled and the pleadings were read, the parties stipulated the following facts: Plaintiffs and defendants acquired their deeds from a common source. The deed to defendants is dated 1 July 1958, and the deed to plaintiffs is dated 6 June 1960. Both deeds are recorded. The subdivision map was recorded 22 August 1958.

Plaintiffs' lot is not within the subdivision, lies "Right outside it, it abuts on the Street."

At this juncture the court ruled, as a matter of law, that the Street had been dedicated to public use. Defendants objected and excepted.

Thereafter, evidence was introduced, tending to show, and limited to, the following facts: At the time the subdivision was laid out the Street was graded and gravelled, and was opened to the public. It was used by members of the general public for about 18 months, for access to the houses within the subdivision, and as a cut-off between the two public highways. It was so used until defendants barricaded it. Plaintiffs' house faces the Street. There is a steep bank 5 to 6 feet high along the margin of Crysel Road on plaintiffs' lot. The Street was obstructed by defendants after plaintiffs completed their house, but before they moved in. Defendants asked plaintiffs to share the cost of paving the Street, but plaintiffs refused. The market value of plaintiffs' house and lot immediately before the Street was obstructed was $9000; the value immediately afterwards was $6500.

The court submitted issues only with reference to damages.

In ruling as a matter of law that the street in question was dedicated to public use, the court was in error. The admissions in the pleadings and the stipulations of the parties are insufficient to support this conclusion. The answer denies the allegation that the street was dedicated to the public. The subdivision map and the relevant deeds are not included in the record on appeal. Indeed, the record does not disclose that they were offered in evidence at the trial below. It was stipulated that plaintiffs' lot lies outside the subdivision and abuts on the Street. In the absence of the map and deeds many pertinent questions, bearing on the rights of the parties, cannot be answered. Whether or not the portion of the Street directly in front of plaintiffs' lot lies within and is a part of the subdivision, does not appear. And whether or not the land directly across the Street from plaintiffs' lot is a part of the subdivision, is likewise unascertained. It does not appear how much of the Street lies within the subdivision. The provisions of the deed from Howard Owens and wife to defendants are not before us and were not properly in evidence below, and have not been construed so as to determine the rights of defendants thereunder with respect to the street in question. Even if the truth of these matters was known, it would not necessarily determine the issue as to whether or not the Street has been dedicated to the public. Though the factual allegations of the complaint are apparently sufficient to raise the question as to whether or not the Street was dedicated to the use of plaintiffs, the trial apparently proceeded on the theory that plaintiffs' rights depended upon a dedication to the public.

There must be a new trial so that the questions of law and issues of fact may be determined in the light of all pertinent and competent evidence. Therefore, a brief review of applicable legal principles is in order.

"A person who purchases a lot or parcel of land situate outside the boundaries of a subdivision has no rights with respect to the dedicated streets of the subdivision other than those enjoyed by the public generally. *Hemphill v. Board of Aldermen,* 212 N.C. 185, 193 S.E. 153. When the rights of the public are withdrawn and barred, the rights of the owner of the land outside the subdivision are thereby extinguished with respect to the street or streets of the subdivision withdrawn from (public) dedication." (Parentheses added). *Janicki v. Lorek,* 255 N.C. 53, 60, 120 S.E. 2d 413.

Where lots are sold and conveyed by reference to a map which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use, and a purchaser of a lot or lots located in the subdivision acquires the right to have all and each of the streets kept open; and it makes no difference whether the streets be in fact opened or accepted by the appropriate public authority. However, the dedication referred to in the preceding sentence, insofar as the general public is concerned, without reference to any claim or equity of the purchasers of lots in the subdivision, is but a *revocable offer* and is not complete until accepted, and neither burdens nor benefits with attendant duties may be imposed on the public unless in some proper way it has consented to assume them. *Steadman v. Pinetops,* 251 N.C. 509, 515, 112 S.E. 2d 102; *Blowing Rock v. Gregorie,* 243 N.C. 364, 90 S.E. 2d 898; *Rowe v. Durham,* 235 N.C. 158, 69 S.E. 2d 171; *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664.

An acceptance by the public of an offer to dedicate a street or road must be by the proper public authorities — that is, by persons competent to act for the public, *e.g.,* the governing board of a municipality or State Highway Commission. 16 Am. Jur., Dedication, s. 32, p. 379. To be binding, the acceptance by the public authority must be in some recognized legal manner. *Gault v. Lake Waccamaw,* 200 N.C. 593, 158 S.E. 104. "According to the current of decisions in this Court there can be in this State no public road or highway unless it be one either established by public authorities in a proceeding regularly instituted before the proper tribunal; or one generally used by the public and over which the public authorities have assumed control for the period of twenty years or more; or dedicated to the public by the owner of the soil with the *sanction* of the authorities and *for the maintenance and operation of which they are responsible.*" (Emphasis added). *Chesson v. Jordan,* 224 N.C. 289, 291, 29 S.E. 2d 906; *Scott v. Shackel-*

*ford,* 241 N.C. 738, 743, 86 S.E. 2d 453; *Hemphill v. Board of Aldermen,* 212 N.C. 185, 193 S.E. 153.

"The mere use of a way over land by the public does not constitute it a highway. Nor does the mere permissive use of it imply a dedicatory right in the public to use it." *Chesson v. Jordan, supra.*

It is essential to a valid offer to dedicate that it be made by the legal or equitable owner of the fee or, at least, with his consent. 16 Am. Jur., Dedication, s. 9, p. 352.

An individual may sue to restrain the wrongful obstruction of a public way if he will suffer injury thereby as distinct from the inconvenience to the public generally, and he may recover such special damages as he has sustained by reason of the obstruction. 26 C.J.S., Dedication, s. 68, p. 567; *Scott v. Shackelford, supra.*

In the charge on the damage issue the court below erred as to the measure of damages. The jury was instructed "that the measure of damages . . . is the reasonable market value of the house and land immediately prior to . . . the blocking of the road . . . as opposed to the reasonable market value of the house and land immediately following. . . ." The court was undoubtedly attempting to apply the permanent damage rule, the difference in value before and after. But the permanent damage rule is not apposite in this situation. If plaintiffs are entitled to recover at all, they are entitled to injunctive relief to end the obstruction, and to recover such special damages as they have suffered by reason of the closing of the Street.

New trial.