THOMAS B. WOODY AND WIFE, BEATRICE S. WOODY, v. W. M. CLAYTON AND WIFE, LAURA SWANSON CLAYTON.

(Filed 10 July 1968.)

**1. Dedication § 1—**

Dedication of an easement may be made by express language, reservation, or by conduct showing an intention to dedicate, which conduct may operate as an express dedication, as where land is sold by reference to a plat showing streets, alleys, or parks or where such a plat is referred to in the negotiations for the sale of land.

**2. Same—**

Where defendant contracted to purchase a lot from plaintiff before an

unrecorded plat was prepared showing a street adjacent to the lot purchased as being extended through the remaining portion of plaintiff's tract, defendant can claim no express dedication of an easement to have the street opened through the remainder of plaintiff's land by reason of the plat.

**3. Same—**

Where defendant contracted to purchase a lot from plaintiff in 1940, defendant may not now show an implied dedication of an easement to have a street adjacent to the lot extended through plaintiff's remaining land by testimony of oral statements made to defendant by plaintiff when the contract was entered and thereafter of plans to subdivide the remaining land and to extend the street in question.

APPEAL by defendants from *McKinnon, J.,* 12 February 1968 Session PERSON Superior Court.

Plaintiffs own a tract of land in the Town of Roxboro lying along the west side of North Main Street. On 22 August 1935 plaintiffs caused a survey and plat to be made subdividing into residential lots the portion of said tract which bordered on North Main Street; these lots varied in depth from about 200 feet to about 240 feet. In addition to the lots three streets were laid out extending from North Main Street in a westerly direction for distances equal to the depth of the lots; one of these streets was named Woody Street. This plat of 22 August 1935 was duly recorded.

On 14 December 1940 plaintiffs entered into a contract with defendants for the sale and purchase of a rectangular lot of the dimensions 200 by 100 feet. The contract, in part, described the lot as follows: ". . . adjoining the rear ends of a number of the front lots of said Burch property, map and subdivision prepared by T. C. Brooks, August 22, 1935, and lying south of and fronting on a proposed extension of Woody Street, on which street when so extended said lot will front 100 feet, and it will have a depth of 200 feet." Also in the contract the plaintiffs reserved the right to vary the course of Woody Street in the following language: "The right is reserved in extending said street to deflect either to the right or to the left, as the vendors may elect, but in any case said lot will be so laid off as to front 100 feet thereon, and extend 200 feet to the rear."

On 8 October 1941 plaintiffs caused a survey and a plat to be made subdividing the remaining portion of the tract of land into residential lots; the scale of the 1941 plat and the scale of the 1935 plat are the same, and the 1941 plat shows the streets, including Woody Street, extended to the full depth of the tract of land. This 1941 plat was never recorded and none of the streets were opened nor were any lots sold with reference to it.

On 18 March 1948, defendants having completed the payments

required by their 1940 contract with plaintiffs, a deed was executed conveying to defendants the 100 X 200 foot lot contracted for. The deed described the lot by metes and bounds, the front line being described as follows: "thence South 45° East 100 feet along south side of proposed extension of Woody Street to iron stake the point of beginning."

Woody Street is an unimproved street but is open from North Main Street to a depth extending the entire 100 foot frontage of defendants' lot. The remainder of the streets and lots shown on the unrecorded 1941 map have not been developed and plaintiffs do not intend to proceed with the additional subdivision. Defendants have complained to plaintiffs that they have an easement to have Woody Street open the full depth of the plaintiffs' tract of land as shown on the unrecorded 1941 map.

Plaintiffs instituted this action to remove the cloud from their title. Defendants counterclaimed, alleging that plaintiffs have caused a total destruction of their easement across the remaining portion of plaintiffs' tract of land, and seek actual and punitive damages.

Upon trial plaintiffs offered evidence to establish their title to the tract of land in question and rested.

On cross-examination of the plaintiff Thomas B. Woody, defendants elicited testimony relating to the unrecorded 1941 map and its contents. Also defendants offered evidence, in the absence of the jury, of oral statements made to defendants by Thomas B. Woody in 1940 and subsequent years to the effect that Woody Street would be opened according to the unrecorded 1941 map. Upon motion of plaintiffs the testimony given by Thomas B. Woody on cross-examination was stricken, and the defendant was not allowed to offer his testimony before the jury. The trial judge submitted the following issue to the jury: "Are the plaintiffs the owners of the land described in paragraph three of the complaint free and clear of any claim or an easement by the defendants?" and the judge gave the jury a peremptory instruction thereon.

Defendants appealed, assigning error.

*Burns, Long and Wood by Charles B. Wood for plaintiff appellees.*

*Haywood, Denny and Miller by George W. Miller, Jr., for defendant appellants.*

BROCK, J. Defendants assign as error that the trial judge refused to allow in evidence before the jury the testimony of defendant W. M. Clayton relative to oral statements made to him by plain-

tiff Thomas B. Woody in 1940 and subsequent years concerning plaintiffs' intention to subdivide the entire tract of land and to extend Woody Street to the western boundary of the tract.

Defendants argue in their brief that their right of easement was by express or implied dedication on the part of the plaintiffs by the language and conduct of Mr. Woody showing an intention to dedicate and that they relied thereon in initially contracting for and later purchasing their house and lot.

The authorities cited by defendants amply support the general proposition that "a dedication may be by express language, reservation, or by conduct showing an intention to dedicate; such conduct may operate as an express dedication, as where a plat is made showing streets, alleys, or parts, and the land is sold, either by express reference to such plat or by showing that the plat was used and referred to in the negotiations." *Green v. Barbee*, 238 N.C. 77, 76 S.E. 2d 307. However, the defendants cannot bring themselves within this principle because their contract to purchase was entered into approximately ten months before any survey or plat was made showing Woody Street extended. Even though plaintiffs may have told defendants of their future plans at the time of entering into the contract for purchase, defendants cannot compel plaintiffs to go through with a plan that was later abandoned by plaintiffs as undesirable. If defendants had desired to acquire a right of way or other easement over the remainder of the lands of plaintiff they should have insisted that the easement be declared in the contract for purchase. It would be a dangerous invasion of rights of property to impose an easement by implication or otherwise based upon the slippery memory of witnesses after many years have passed and circumstances have changed. *Milliken v. Denny*, 141 N.C. 224, 53 S.E. 867.

The case of *Spaugh v. Charlotte*, 239 N.C. 149, 79 S.E. 2d 748, relied upon by defendants, makes some statements that, when lifted out of context, seem to support defendants' position. However, in *Spaugh* the city was seeking to withdraw from dedication school property which the Board of School Commissioners had accepted from the city and used for many years. The language of the opinion must be read and understood in the light of the factual circumstances therein involved. Clearly there has been no acceptance and use by the defendants of an easement across the remainder of plaintiffs' property in this case.

The cases of *Somersette v. Stanaland*, 202 N.C. 685, 163 S.E. 804, and *Lee v. Walker*, 234 N.C. 687, 68 S.E. 2d 664, are clearly distinguishable in fact and principle from the present case.

Plaintiffs do not, and never have, disputed defendants' right to use Woody Street as a means of ingress and egress to and from defendants' property to North Main Street. This portion of Woody Street was surveyed and platted before defendants entered into their contract of purchase. Their easement to use that portion of Woody Street arises by implication, if not by express dedication. Also, defendants have an additional easement to have Woody Street extended westwardly for the 100 feet along the north boundary of defendants' lot; this easement arises by virtue of the wording of the contract and deed.

The defendants' remaining assignments of error stand or fall with the resolution of their first assignment of error, and, having determined that their first assignment of error is without merit, we overrule their remaining assignments of error.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.