EVELYN S. HOUGHTON, BRYANT P. JOHNSON AND WIFE, JEAN P. JOHNSON v. ROBERT L. WOODLEY AND WIFE, BARBARA K. WOODLEY

No. 8311DC494

(Filed 3 April 1984)

Dedication § 2.2— dedication of street to purchaser of lot—sufficiency of evidence

    A trial court properly entered a declaratory judgment in the plaintiffs' favor as to their right to use a 20-foot strip of land as a drive and in permanently enjoining defendants from interfering with plaintiffs' use of such drive where the evidence conclusively supported the intent of the plaintiff grantor to effectuate a dedication of the drive, where defendants had direct knowledge of the existence of the dedicated road through a map which was of record when defendants received their deed, and where the property description in defendants' deed made it clear that they never acquired any legal rights in the land comprising the drive.

APPEAL by defendants from *Lyon, Judge.* Judgment entered 21 December 1982 in District Court, LEE County. Heard in the Court of Appeals 14 March 1984.

This is an action instituted by plaintiffs to secure a declaratory judgment as to their right to use a twenty-foot strip of land as a drive, and for injunctive relief seeking to prohibit defendants from interfering with plaintiffs' right to use the land in this manner.

Plaintiff Bryant Johnson [hereinafter "Johnson"] was the developer of a tract of land known as the Winstead Property. Plaintiff Evelyn Houghton [hereinafter "Houghton"] is the grantee of one lot of the property; defendants are the grantees of two additional lots, both of which border Houghton's lot. The

grantors in both cases are Johnson and his wife, Jean Johnson. The disputed strip of land runs between defendants' two lots.

The deed by which Houghton acquired her land was recorded on 31 May 1978. Her deed makes no direct reference to the twenty-foot strip of roadway. Although the evidence tended to show that there was no recorded map of the Winstead Property at the time Houghton received her deed, Houghton testified that she was shown such a map in Johnson's office. She also testified that it was represented to her that if she were ever barred from using a private drive that ran across a corner of her property, that there was a dedicated right-of-way available for her use. This right-of-way is the twenty-foot drive that is the subject of this controversy.

A survey entitled "Winstead Property, Survey for Bryant Johnson," dated 6 July 1978, was recorded on 21 July 1978. this map depicted the twenty-foot drive as curving. The map was subsequently revised to show a straight road. The revised map was recorded on 22 September 1978. Both maps depict the three lots that are involved in this action, the one owned by Houghton, and the two owned by defendants (now owned solely by defendant Barbara Woodley, as her husband has transferred his interest to her).

The deed by which defendants acquired their tracts from plaintiff Johnson is dated 29 September 1978 and was recorded 4 October 1978, subsequent to the recordation of the revised map. The defendants' deed specifically excepts the strip of land in its description of the property transferred by its reference to the "20-foot drive" in the property description for each lot, and by making reference to the 22 September 1978 revised map for a "more particular description" of the property.

Houghton used the private drive with the permission of its owners to gain access to her property for approximately three years. In 1981, however, the owners of the private drive had it blocked off and subsequently moved so that Houghton could no longer use it to gain access to her property. At this point she contacted Johnson, who arranged to have the twenty-foot drive cleared so that Houghton could use it. Houghton testified that the twenty-foot drive is currently the exclusive means of access to her property.

Houghton v. Woodley

Plaintiff Houghton alleged that defendants interfered with her use of the drive. She testified that defendant Robert Woodley "disked up" the road and defendants otherwise barred her access; she testified that defendant Barbara Woodley threatened to shoot her if she continued using the drive. Houghton testified that she was forced to park her car and walk two-tenths of a mile across a field to get to her house. Although defendants denied some of Houghton's allegations, both defendants admitted on cross-examination that defendant Robert Woodley had "disked up" or cut up the drive which prevented Houghton from being able to use the drive.

As a result of defendants' actions, Houghton, along with Johnson and his wife, Jean, instituted this action for a declaratory judgment and injunctive relief. At the hearing, plaintiffs obtained a declaratory judgment in their favor and were awarded permanent injunctive relief. From the order awarding plaintiffs the relief they sought, defendants appeal.

*Bain and Marshall, by Edgar R. Bain, for defendant appellants.*

*F. Jefferson Ward, Jr., for plaintiff appellees.*

VAUGHN, Chief Judge.

The question on appeal is whether the trial court erred in entering a declaratory judgment in the plaintiffs' favor as to their right to use a twenty-foot strip of land as a drive and in permanently enjoining defendants from interfering with plaintiffs' use of such drive. We find no error and affirm.

In order to determine the respective rights of the parties and resolve this appeal, we must review the law concerning dedication of a street or highway. Dedication is defined as follows:

[A] [d]edication is the intentional appropriation of land by the owner to some proper public use. More specifically, it has been defined as an appropriation of realty by the owner to the use of the public and the adoption thereof by the public,—having respect to the possession of the land and not the permanent estate.

*Spaugh v. Charlotte*, 239 N.C. 149, 159, 79 S.E. 2d 748, 756 (1954). It has been specifically held that a street or highway may be established by dedication. *Wright v. Lake Waccamaw*, 200 N.C. 616, 617, 158 S.E. 99, 100 (1931). The law governing the manner by which a dedication is accomplished is well settled:

> [A] dedication may be by express language, reservation, or by conduct showing an intention to dedicate; such conduct may operate as an express dedication, as where a plat is made showing streets, alleys, or parks, and the land is sold, either by express reference to such plat or by showing that the plat was used and referred to in the negotiations.

*Green v. Barbee*, 238 N.C. 77, 79, 76 S.E. 2d 307, 309 (1953). *See also Nicholas v. Furniture Co.*, 248 N.C. 462, 103 S.E. 2d 837 (1958) (intention of owner to set aside land is the "foundation and very life of every dedication"). The evidence conclusively supports the intent of the plaintiff grantor, Bryant Johnson, to effectuate a dedication of the drive. Johnson testified at the hearing that it was his intention to dedicate the drive for the use of both Mrs. Houghton and the public. His participation in this suit as party plaintiff is additional evidence of his intent to dedicate, in that the goal of the action is to enable Mrs. Houghton to use the drive to get to her property.

Cases factually similar to ours, wherein a landowner has a plat made and recorded, and the land subdivided and sold, identify three categories of people affected by the dedication of a street or road: purchasers of lots within the subdivision, purchasers of lots outside the subdivision, and the general public. The purchaser of a lot within the subdivision clearly acquires rights to the dedicated road upon conveyance of the land. *See, e.g., Highway Commission v. Thornton*, 271 N.C. 227, 156 S.E. 2d 248 (1967) (where owner causes map to be recorded and then sells lots, the deeds to which lots refer to the map, "there is . . . a conveyance to the purchaser of the lot of the right to use such streets and have them kept open for his [or her] use . . ."). by contrast, the general public acquires rights in a dedicated road only upon acceptance of the dedication. The reason that a dedication to the public is not complete until acceptance is that the landowner cannot, by the execution of a deed, "compel the authorities to assume the burden of repairing [the highway] unless the prop-

erly constituted agents of the city or town accept it." *Wright v. Lake Waccamaw, supra,* at 618, 158 S.E. at 100. *See also Hine v. Blumenthal,* 239 N.C. 537, 80 S.E. 2d 458 (1954) (specifically holding that acceptance by municipal authorities not necessary to achieve a dedication of a road as to purchasers of lots within platted subdivision). Purchasers of lots or parcels of land located outside the boundaries of a subdivision, i.e., outside the land as platted and recorded, acquire the rights of the general public, not the rights of a purchaser within the subdivision. *Owens v. Elliott,* 257 N.C. 250, 254, 125 S.E. 2d 589, 591-2 (1962).

We hold that as a purchaser of a lot within the subdivision, plaintiff Houghton acquired rights in the dedicated roadway when her lot was conveyed to her. It was represented to Houghton at the time of her purchase that she had a right-of-way as to the drive. Johnson, the grantor, specifically testified as to his intent to grant the roadway to Houghton and the public. A map of the Winstead Property was recorded on 21 July 1978, and a revised map was recorded on 22 September 1978. These maps reflect what had already been represented to Houghton. Houghton's lot, defendants' lots, and the dedicated roadway appear on both maps.

The revised map was of record when defendants received their deed and they therefore had direct knowledge of the existence of a dedicated road. Furthermore, the property description in defendants' deed makes it clear they have never acquired any legal rights in the land comprising the drive. The twenty-foot drive was validly dedicated to Houghton's use. Under the circumstances, as Houghton and defendants all had timely knowledge of Johnson's subdivision of the property and dedication of the road, the fact that Houghton's deed was recorded prior to the recordation of a map does not affect the result.

The case cited by defendants in support of their position, *Woody v. Clayton,* 1 N.C. App. 520, 162 S.E. 2d 132 (1968), is distinguishable. That case involved the proposed extension of a street. The plaintiff grantors included in the contract for purchase and sale to defendant grantees language concerning the proposed extension of the street. Plaintiffs had a survey and plat prepared showing the extended street, but this was never recorded and the street was never extended. When defendants subsequently acquired a deed to their property, they informed

plaintiffs that they, defendants, had an easement and could compel plaintiffs to extend the street as shown on the unrecorded map. This Court rejected defendants' argument: "Even though plaintiffs may have told defendants of their future plans at the time of entering into the contract for purchase, defendants cannot compel plaintiffs to go through with a plan that was later abandoned by plaintiffs as undesirable." *Id.* at 523, 162 S.E. 2d at 134. The issue now before this Court is entirely different. Plaintiff Houghton does not seek to compel a grantor to accomplish a promised dedication; Mrs. Houghton seeks only to enforce her right to use a roadway that plaintiff grantor has already dedicated to her use.

Affirmed.

Judges WHICHARD and PHILLIPS concur.