GILBERT J. STANLEY AND WIFE DOROTHY H. STANLEY, PLAINTIFFS v.
BILLY ROGER LAUGHTER, DEFENDANT

No. COA03-49

(Filed 20 January 2004)

**1. Easements— dedication—plat recordation**

The trial court did not err in a trespass, injury to real property, and negligence case by granting defendant's motion for a directed verdict and by finding that the recording of a plat constituted a dedication of the sixty-foot wide easement to all purchasers from Sardonyx, because defendant's deed conveying the 1.46 acre tract specifically referred to the plat map containing the sixty-foot wide easement, and thus, the map became a part of the deed as if it were written therein.

**2. Easements— cutting and removing of trees and shrubs**

The trial court did not err in a trespass, injury to real property, and negligence case by failing to grant damages for the value of the trees and shrubbery defendant cleared on a sixty-foot wide easement, because: (1) defendant was entitled to use the entire sixty-foot wide easement, and the thirty-feet of the sixty-foot wide easement running along the southern boundary of defendant's 1.46 acre tract was covered in trees and shrubs making it impassible; and (2) defendant was free to remove the trees and shrubs to open the easement and use it for its intended purpose of ingress, egress, and regress from his 1.46 acre tract.

Appeal by plaintiffs from judgment entered 2 July 2002 by Judge Zoro Guice in Polk County Superior Court. Heard in the Court of Appeals 15 October 2003.

*Baiba Bourbeau, for plaintiffs-appellants.*

*Hamrick, Bowen, Mebane, Greenway & Lloyd, LLP, by James M. Bowen, for defendant-appellee.*

TYSON, Judge.

Gilbert J. Stanley and Dorothy H. Stanley ("plaintiffs") appeal the trial court's judgment granting Billy Laughter's ("defendant") motion for directed verdict at the close of plaintiffs' evidence and dismissing the case with prejudice. We affirm.

## I. Background

Sardonyx Investments, Inc. ("Sardonyx") purchased a 118.62 acre tract of land from Fulton and Ruth Roper ("Ropers"). The Ropers retained an easement, sixty-foot wide, running through a portion of the northern section of the property sold to Sardonyx. Sardonyx subdivided 111.87 acres of the original 118.62 into six tracts of land, labeled Lots "A" through "F," to create the Stirrup Downs Development ("development") by survey dated 25 April 1989, and revised 29 May 1989. Sardonyx recorded a plat entitled, "Sardonyx Investments, Inc." in the Polk County Registry on 3 June 1989. All six tracts of land are subject to the Declaration of Restrictions ("declaration") recorded on 6 October 1992.

The remaining acreage, a 1.46 acre tract and a 5.29 acre tract, was not included in this subdivision. The 1.46 acre tract is located on the northern section of the original 118.62 acre tract and the 5.29 acre tract is located on the southern section. Both of these properties directly adjoin North Carolina Highway 9 ("Highway 9").

Sardonyx established a thirty-foot (30) wide access road to the development known as Stirrup Downs Road ("the road") on the plat. The road begins at Highway 9 and continues into the development. The road runs concurrently with the southern portion of the sixty-foot wide easement. Each of the six subdivided tracts of land is subject to and has a right of ingress, egress, and regress along the road. The declaration requires each property owner of Lots A through F to pay one-sixth of the cost of maintaining the road. The declaration makes no reference to the 1.46 acre tract or the 5.29 acre tract retained by Sardonyx.

All of the land derives from a common source of title. Sardonyx conveyed to plaintiffs a 14.32 acre tract designated as Lot E of the recorded plat by deed recorded on 7 December 1992. The deed was expressly conveyed subject to the thirty-foot wide and the sixty-foot wide easements. Sardonyx conveyed to defendant a 16.65 acre tract designated as Lot F on the recorded plat. This lot was subject to the same easements as plaintiffs' lot. Sardonyx also conveyed the 1.46 acre tract of land to defendant's predecessors-in-title, John and Joyce Hart ("Harts"), and described the tract by incorporating the recorded plat map by reference. Defendant subsequently purchased this tract on 17 July 1999. No express language in the deed of the 1.46 acre tract granted the Harts use of the sixty-foot wide easement or the thirty-foot wide road. The deed, however, specifically referenced the plat map containing the easements. No language made the 1.46 acre tract subject to the declaration.

The plat clearly shows that the northern boundary of plaintiffs' property runs to the middle of the sixty-foot wide easement and stops at the road. This line is labeled as line "C-D" on the plat map. There is a thirty-foot strip of land that runs from the northern portion of the road to the southern boundary of defendant's 1.46 acre tract. This thirty-foot strip lies on the opposite side of the road from plaintiffs' land and is contained within the boundaries of the sixty-foot wide easement. When defendant purchased Lot F on 17 July 1999, this thirty-foot strip of land contained a thick screen of trees and shrubs. Plaintiffs were provided privacy and seclusion from the other properties by these trees and anticipated that these trees would remain in place when they purchased Tract E.

During July of 2000, defendant removed the trees and shrubbery from his land and the thirty-foot strip of land in order to gain access to the sixty-foot wide easement from his 1.46 acre tract. In September of 2000, plaintiffs spoke to defendant's lawyer concerning the trees and shrubbery removed from the thirty-foot strip of land. On 2 October 2000, plaintiffs notified defendant that defendant was not to use the land for access to the sixty-foot wide easement and demanded compensation for the trees and shrubs cut on the strip. Plaintiffs filed suit against defendant alleging trespass, injury to real property, and negligence. At trial, defendant moved for directed verdict at the close of plaintiffs' evidence. Defendant's motion was granted and plaintiffs' cause of action was dismissed. Plaintiffs appeal.

## II.  Issues

The issues are whether the trial court erred in: (1) granting defendant's motion for directed verdict and finding that the recording of the plat constituted a dedication of the sixty-foot wide easement to all purchasers from Sardonyx Investments, Inc. and (2) failing to grant damages for the value of the trees and shrubbery removed by defendant.

## III.  Dedication by Reference to Plat Map

**[1]** Plaintiffs contend that the trial court erred in granting defendant's motion for directed verdict and finding that the recording of the plat constituted a dedication of the sixty-foot wide easement to benefit all property shown on the recorded plat including the 1.46 acre tract owned by defendant. We disagree.

"The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence to take the case to the jury." *Freese v. Smith*, 110 N.C. App. 28, 33, 428 S.E.2d 841, 845 (1993). "A motion for directed verdict, requires that the trial court consider the evidence in the light most favorable to the non-movant, and determine whether the evidence is sufficient as a matter of law to be submitted to the jury." *Town of Highlands v. Edwards*, 144 N.C. App. 363, 366, 548 S.E.2d 764, 766 (2001). Only where the evidence, when considered in that light, is insufficient to support a verdict in the plaintiff's favor should defendant's motion for a directed verdict be granted. *Snow v. Power Co.*, 297 N.C. 591, 596, 256 S.E.2d 227, 231 (1979). If there is more than a scintilla of evidence in the non-movant's favor, the motion must be denied. *Freese*, 110 N.C. App. at 33-34, 428 S.E.2d at 845.

Our Supreme Court, in *Wofford v. Highway Commission*, stated the general rule of dedication by plat reference and held,

> where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to public use, and the purchaser of the lot or lots acquires the right to have all and each of the streets kept open.

263 N.C. 677, 683, 140 S.E.2d 376, 381 (1965). Our Supreme Court further held,

> [i]t is a settled principle that if the owner of land, located within or without a city or town, has it subdivided and platted into lots

and streets, and sells and conveys the lots or any of them with reference to the plat, nothing else appearing, he thereby dedicates the streets, and all of them, to the use of the purchasers, and those claiming under them, and of the public.

. . . .

[W]here lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use, and the purchaser of a lot or lots acquires the right to have all and each of the streets kept open; and it makes no difference whether the streets be in fact opened. . . . There is a dedication, and, if they are not actually opened at the time of the sale, they must be kept at all times free to be opened as occasion may require . . . .

*Insurance Co. v. Carolina Beach*, 216 N.C. 778, 785-86, 7 S.E.2d 13, 18-19 (1940) (internal citations omitted).

In *Collins v. Land Co.*, our Supreme Court held,

a map or plat, referred to in a deed, becomes a part of the deed as if it were written therein, and that, therefore, the plan indicated on the plat is to be regarded as a unity, and the purchaser of a lot acquires a right to have all and each of the ways and streets on the plat, or map, kept open.

128 N.C. 563, 565-66, 39 S.E. 21, 22 (1901).

Sardonyx recorded a plat containing a sixty-foot wide easement running from Highway 9 to the eastern edge of Tract F, owned by defendant, and entirely along the southern boundary of the 1.46 acre tract also owned by defendant. The deed conveying Tract E to plaintiffs contained a specific reference to the plat map and the sixty-foot wide easement. Sardonyx expressly reserved the right in plaintiffs' deed to use the easement for itself, "its successors and assigns together with Grantees, their heirs, assigns and all others having a like right to use the same." Sardonyx's deed conveying Tract F to defendant also referenced this recorded plat dedicating the sixty-foot wide easement.

Further, the initial deed conveying the 1.46 acre tract of land from Sardonyx to the Harts in 1995 specifically refers to the recorded plat containing the sixty-foot wide easement. The Harts conveyed the 1.46 acre tract to William Wayne Burgess ("Burgess") in 1998, specifically referring to the original plat with the sixty-foot wide easement. When

the 1.46 acre tract was conveyed from Burgess to defendant in 1999, the deed again specifically referenced the recorded plat map identifying the sixty-foot wide easement.

The trial court granted defendant's motion for a directed verdict and concluded that: (1) the trees and underbrush were within the sixty-foot wide easement as shown by the recorded plat, (2) the plat was referenced in all deeds, and (3) the recording of the plat constituted a dedication of the roads to the owners purchasing property from Sardonyx. As defendant's deed conveying the 1.46 acre tract specifically referred to the plat map containing the sixty-foot wide easement, the map became a "part of the deed as if it were written therein." *Id.* Considering the evidence in the light most favorable to plaintiffs, the trial court properly granted defendant's motion for directed verdict. Plaintiffs' assignment of error is overruled.

## IV. Damages

**[2]** Plaintiffs contend that the trial court erred in not granting damages for the value of the trees and shrubbery defendant cleared on the sixty-foot wide easement. We disagree.

As we held earlier, defendant gained access to the sixty-foot wide easement through dedication, and his deed specifically referenced the original plat map. The general rule states:

> [i]t is not necessary to the dedication of streets, squares, parks, or alleys shown in a subdivision plat, that they be opened.
>
> . . . .
>
> Where the dedication is created by the sale of lots with reference to a plat showing streets, parks, or alleyways, each purchaser has the right to have any that are not opened kept in such manner that they are free to be opened to their *full length and width.*

9 Strong's N.C. Index 4th Dedication § 10 (1991) (emphasis supplied) (quoting *Hine v. Blumenthal,* 239 N.C. 537, 80 S.E.2d 458 (1954); *Lee v. Walker,* 234 N.C. 687, 68 S.E.2d 664 (1951); *Insurance Co.,* 216 N.C. 778, 7 S.E.2d 13 (1940)). In *Insurance Co.,* our Supreme Court cited a long list of cases and held that where a street is dedicated by the sale of lots with reference to a plat showing it as being ninety-nine feet wide, the purchasers of the lots with reference to the original plat have the right to have the land remain so that the streets may be opened to their full width. 216 N.C. at 787-88, 7 S.E.2d at 20.

Here, defendant acquired the right to use the entire sixty-foot wide easement. It is apparent that the thirty-feet of the sixty-foot wide easement running along the southern boundary of defendant's 1.46 acre tract was covered in trees and shrubs making it impassible. As defendant was entitled to use the entire sixty-foot wide easement, he was free to remove the trees and shrubs, open the easement, and use it for its intended purpose of ingress, egress, and regress from his 1.46 acre tract. *Id.* Plaintiffs' assignment of error is overruled.

### V. Conclusion

Plaintiffs failed to show that the trial court erred in granting defendant's motion for directed verdict and in finding that the recording of the plat constituted a dedication of the sixty-foot wide easement to all purchasers from Sardonyx. Plaintiffs failed to show that the trial court erred in failing to grant damages for cutting and removing the trees and scrubs from the easement. The trial court's judgment is affirmed.

Affirmed.

Judges McCULLOUGH and BRYANT concur.