An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-234
NORTH CAROLINA COURT OF APPEALS

Filed:    16 September 2014


Swaps, LLC,

    Plaintiff,

    v.

ASL Properties, Inc., American Store and Lock # 6, Virginia G. Favreau and Metrolina Enterprises of Union County, LLC,

    Defendants.

Union County
No. 09 CVS 674


Appeal by defendants from order entered 20 September 2013 by Judge W. Erwin Spainhour in Union County Superior Court. Heard in the Court of Appeals 5 June 2014.


    *Kennon Craver, PLLC, by Joel M. Craig, for plaintiff-appellee.*

    *Law Offices of John T. Burns, by John T. Burns and Christopher A. Gray, for defendants-appellees Metrolina Enterprises of Union County, L.L.C., and E & O Lesmarchris Family Limited Partnership.*

    *Raynor Law Firm, PLLC, by Kenneth R. Raynor, for defendants-appellants ASL Properties, Inc., The Heyward Group, and Virginia G. Favreau.*


DAVIS, Judge.

ASL Properties, Inc. ("ASL"), The Heyward Group, ("Heyward"), and Virginia G. Favreau ("Favreau") (collectively "Appellants") appeal from an order granting summary judgment in favor of Plaintiff Swaps, LLC ("Swaps"). After careful review, we affirm the trial court's order.

## Factual Background

ASL and Swaps own adjoining parcels of land in the Garrett-Fisher commercial subdivision located in Union County, North Carolina. ASL owns Lots #3 and #4 of the subdivision, and Swaps owns Lot #5. Prior to 9 January 2002, Metrolina Enterprises of Union County, LLC ("Metrolina") owned Lot #5, with access to Lot #5 being provided by a driveway built on Lot #3. The access route is described on a plat as a "30 foot easement right of way," and is the only access route from Lot #5 to U.S. Highway 601, which runs along the eastern boundary of Lots #3 and #4. The easement has been used continuously by the owners of Lot #5 since 9 January 2002. On 21 December 2007, Swaps recorded a deed evidencing its purchase of Lot #5, along with the access driveway, from Metrolina.

On 5 March 2009, Swaps filed a verified complaint against ASL, Favreau (its registered agent), and Metrolina. The complaint described a dispute between Swaps and ASL concerning

the access route across ASL's property. Swaps alleged that on 17 February 2009, ASL had barricaded the access route by sinking metal poles into the driveway such that vehicles could not pass through. In its complaint, Swaps sought, *inter alia*, declaratory and injunctive relief providing that it had the sole and exclusive right to the continued use of the 30 foot easement at issue and enjoining ASL from interfering with Swaps' use of the easement. In addition, the complaint contained a claim against Metrolina demanding that it "fulfill its legal duty and obligations to . . . Swaps by defending the title to the real property . . . conveyed by Metrolina to Swaps." On 16 April 2009, Swaps filed an amended complaint, joining Heyward — the manager of the business operating on ASL's land — as a defendant.

On 24 September 2009, Appellants filed an amended answer and counterclaims, denying the existence of the easement and counterclaiming to quiet title to the property and to assert a trespass claim against Swaps. On 1 June 2010, Metrolina filed an answer and crossclaims against the other defendants.

On 8 May 2013, Swaps filed a verified second amended complaint, adding E & O Lesmarchris Family Limited Partnership

("E & O") as an additional defendant and contending that the partners of E & O "are the same as the members of Metrolina[.]"

The parties filed cross-motions for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. On 20 September 2013, the trial court entered an order (1) granting Swaps' motion for summary judgment; (2) denying ASL's motion for summary judgment; (3) issuing a permanent injunction in favor of Swaps; (4) dismissing ASL's counterclaims with prejudice; (5) declaring that Swaps "has a 30 foot easement across [] ASL's Lot #3"; and (6) taxing Appellants with costs and expenses. Appellants filed a timely notice of appeal to this Court.

**Analysis**

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

Appellants contend that the trial court erred in granting summary judgment in favor of Swaps because (1) there was no evidence that the original owner of the land intended to reserve

an easement across Lot #3; (2) Swaps was not in possession of the land long enough to satisfy the requirements of adverse possession; and (3) Swaps cannot demonstrate reliance upon the existence of rights in the access driveway. Because we conclude that an easement benefiting Lot #5 was, in fact, reserved, we hold that summary judgment in favor of Swaps was proper.

The parcels at issue were originally owned by Clarence E. Fisher, Jr. and his wife, Alta Mae Fisher, and Stephen M. Garrett and his wife, Paulette L. Garrett. They conveyed this land to B & F Rental, a North Carolina general partnership, by means of a deed dated 6 December 1989. The deed itself makes no reference to an easement for egress and ingress. However, the deed references and incorporates an unrecorded survey plat by Walter L. Gordon, dated 2 June 1988 and revised 21 November 1988. This survey plat shows a "30' r/w for ingress, egress, drainage & utilities" extending west along the southern side of Lot #2, then turning to the south from Lot #2 along the western side of Lot #3 where it abuts Lot #5, then turning to the east along the northern side of Lot #4. Walter L. Gordon and Stephen Garrett provided affidavit testimony that (1) the 30 foot right of way for ingress and egress, drainage, and utilities was depicted on the survey plat dated 2 June 1988 and revised 21

November 1988; and (2) prior to 9 January 2002, this easement was in existence and was in use for the benefit of Lot #5.

The 6 December 1989 deed from the Fishers and Garretts to B & F Rental expressly references the "unrecorded survey plat by Walter L. Gordon, NCRLS, dated June 2, 1988, and revised November 21, 1988." Similarly, the deed from B & F Rental to ASL, in Schedule A, Tract I, incorporates this same survey by reference. Thus, at the time that ASL took possession of the land, it did so with record knowledge of, and subject to, the easement. *See Nelms v. Davis*, 179 N.C. App. 206, 211, 632 S.E.2d 823, 827 (2006) ("A map or plat referred to in a deed becomes part of the deed and need not be registered. Therefore, as long as the landowner has notice of the plat through his deed, the plat does not have to be recorded in order to effect a right of way dedication." (citation and quotation marks omitted)); *Price v. Walker*, 95 N.C. App. 712, 716-17, 383 S.E.2d 686, 689 (1989) (holding that property owner took tract of land subject to easement appurtenant for ingress and egress where survey map expressly referenced in conveyance showed such easement burdening tract).

ASL argues that its property is not burdened by the easement because subsequent survey plats drafted by Gordon

eliminated the depiction of the easement and "the plat provided to ASL's predecessor in title did not show the easement." ASL also contends that the deed to ASL's predecessor "did not mention the reservation of an easement in its deed" such that ASL's chain of title did not put it on notice of the easement. ASL asserts that based on these facts, it — rather than Swaps — was entitled to summary judgment.

ASL's argument, however, ignores the legal principle that "a map or plat, referred to in a deed, becomes a part of the deed as if it were written therein . . . ." *Stanley v. Laughter*, 162 N.C. App. 322, 326, 590 S.E.2d 429, 432 (2004) (citation omitted). As such, the 2 June 1988 and revised 21 November 1988 survey plat expressly referenced in its deed — rather than any subsequent surveys — controls in determining whether ASL took the property subject to an easement. Moreover, an express reference to the easement is not necessary to reserve an easement if the deed expressly references the survey plat containing the easement. *See id.* at 327, 590 S.E.2d at 432 ("As defendant's deed conveying the 1.46 acre tract specifically referred to the plat map containing the sixty-foot wide easement, the map became a part of the deed as if it were written therein." (citation and internal quotation marks

omitted)). Therefore, we conclude that Swaps was entitled to summary judgment.

## Conclusion

For the reasons stated above, the trial court's order is affirmed.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).

Judge HUNTER, JR. concurred in this opinion prior to 6 September 2014.