WILBUR HINSON AND WIFE, IRENE HINSON v. DAVID HAROLD SMITH AND WIFE, MAMIE W. SMITH

No. 872SC868

(Filed 1 March 1988)

**Dedication § 2.1— beach area—private easement**

The trial court erroneously granted summary judgment for defendants in an action in which plaintiffs sought a declaratory judgment that an area designated "Beach" in a subdivision developed by defendants' predecessors in title was dedicated to the private use of the owners and purchasers of lots in the subdivision. Both the street and the "Beach" became private easements when the plat of Crystal Beach Estates was recorded and one lot was sold in reference to the plat.

APPEAL by plaintiffs from *Llewellyn, Judge*. Judgment entered 13 April 1987 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 10 February 1988.

This is a civil action wherein plaintiffs seek a declaratory judgment that an area designated as a "Beach" in a subdivision developed by defendants' predecessors in title is dedicated to the private use of the owners and purchasers of lots in the Crystal Beach Estates subdivision. Plaintiffs also seek a judgment directing defendants to remove any fixtures erected thereon. Further, plaintiffs seek damages in the amount of $2,000.00 actual damages and $10,000.00 punitive damages, together with the cost of the action, including reasonable attorney's fees. Defendants moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure.

The record before us discloses the following: In August 1964 Carolina Land Developers, Inc. [hereinafter CLD] recorded a plat of the "Crystal Beach Estates" subdivision in Map Book 17, Page 30 of the Beaufort County Registry. Lots 5, 6, and 7 described on the recorded plat of Crystal Beach Estates were conveyed by CLD to Nannie Mae Hinson by deed recorded 20 August 1971 in Book 672, Page 356 of the Beaufort County Registry. These lots were ultimately conveyed to plaintiffs by deed recorded in Book 836, Page 719 of the Beaufort County Registry.

On 11 October 1971 CLD conveyed to defendants' predecessor in title Lot 29-A described in the recorded plat of Crystal Beach Estates and an additional tract described in metes and bounds. This additional tract was not a numbered lot described in the recorded plat. The additional tract lies approximately north and west of Lot 29-A, south of the Pamlico River, North of Driftwood Drive, and is the most easterly portion of the property designated as "Beach" on the plat of Crystal Beach Estates. The deed conveying Lot 29-A and the additional tract hereinbefore described to defendants stated:

> TO HAVE AND TO HOLD the aforesaid parcel of land together with all privileges and appurtenances thereunto belonging or in anywise appertaining unto Buyers, their heirs and assigns, in fee, forever, subject only to the following:
>
> . . .
>
> 3. Such rights, if any, as may have been dedicated to the other lot owners in Crystal Beach Estates by conveyances referring to that map entitled "Plat of Crystal Beach Estates, Commerical [sic] Section" by J. Walter Jones, Jr., Registered Land Surveyor dated July, 1964 which is recorded in Map Book 17, page 30 of the Beaufort County Registry.

The trial court granted defendants' motion for summary judgment and dismissed plaintiffs' claim for relief.

*McLendon & Partrick, P.A., by Neal Partrick, Jr., for plaintiffs, appellants.*

*Charles L. McLawhorn, Jr., for defendants, appellees.*

**Hinson v. Smith**

HEDRICK, Chief Judge.

The only question before us is whether the trial court erred in entering the judgment dismissing plaintiffs' claim and declaring that "as a matter of law, the Defendants are entitled to quiet enjoyment of the property in question," and that "as a matter of law, there is no dedication, either expressed or implied, of the controverted property."

Dedication of an easement may be in express terms or may be implied from the owner's conduct. *Tise v. Whitaker*, 146 N.C. 374, 59 S.E. 1012 (1907). Conduct which implies the intent to dedicate may operate as an express dedication, as where a plat is made and land is sold in reference to the plat. *Woody v. Clayton*, 1 N.C. App. 520, 162 S.E. 2d 132 (1968). In *Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E. 2d 30, 35-36 (1964), Justice Clifton Moore, writing for the Court, stated:

> Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and play-grounds kept open for his reasonable use, and this right is not subject to revocation except by agreement. [Citations omitted.] It is said that such streets, parks and playgrounds are *dedicated* to the use of the lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. [Citations omitted.] It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished, altered or diminished except by agreement or estoppel. [Citations omitted.] This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. [Citations omitted.]

In the present case, when the plat of Crystal Beach Estates was recorded and one lot was sold in reference to the plat, both the street and the "Beach" became private easements to the individual purchasing the lot. The record clearly discloses that Lots 5, 6, and 7 were conveyed to plaintiffs' predecessors in title before Lot 29-A and the "additional tract" of land including a por-

tion of the "Beach" conveyed to defendants' predecessors in title. It is also clear that the conveyances of the lots refer to the recorded plat of Crystal Beach Estates. The deed conveying Lot 29-A and the "additional tract" to defendants even stated that the conveyance was made subject to

> [s]uch rights, if any, as may have been dedicated to the other lot owners in Crystal Beach Estates by conveyances referring to that map entitled "Plat of Crystal Beach Estates, Commerical [sic] Section" by J. Walter Jones, Jr., Registered Land Surveyor dated July 1964 which is recorded in Map Book 17, page 30, of the Beaufort County Registry.

Contrary to defendants' contentions, the area referred to as "Beach" is clearly identifiable. The recorded plat manifests the intention of CLD to set aside all the area north and west of Lot 29-A, south of the Pamlico River, east of Neville Creek, and north of Driftwood Drive to be a private easement for purchasers and owners of all of the lots described and enumerated on the plat of Crystal Beach Estates recorded in Map Book 17, Page 30 of the Beaufort County Registry.

Plaintiffs and other purchasers and owners of lots described in the recorded plat, therefore as a matter of law, had and have a private easement over and across all of the property designated as "Beach" on the recorded plat of Crystal Beach Estates. The judgment for defendants is reversed and the cause remanded to the Superior Court of Beaufort County for further proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and SMITH concur.