RUSSELL PRICE AND WIFE, JUDY M. PRICE v. FLEMING E. WALKER AND WIFE, VICTORIA NORRIS WALKER; OWEN GERALD WILLIAMS AND WIFE, CARRIE WILLIAMS; AND JERRY EVERETT CAPPS

No. 8911SC26

(Filed 3 October 1989)

1. **Dedication § 2.2 — easement by dedication — express reference to map showing pathway**

    An easement by dedication may be made by express language, reservation, or by conduct showing an intention to dedicate, and conduct showing an intention to dedicate may be found where a plat is made showing streets and the land is sold either by express reference to such plat or by a showing that the plat was used and referred to in negotiations for sale. In this action to close a portion of a pathway crossing plaintiffs' property the evidence was clear that both conveyances from the original owner to plaintiffs' and defendants' predecessors in title were made by express reference to the map of all of the original owner's property, and the map clearly showed the road in question.

2. **Dedication § 2 — land sold in reference to map — dedication not formally accepted — purchasers who rely on map acquire easement**

    Where land is sold in reference to a plat or map, but the dedication of the land has not been formally accepted by the appropriate authority, purchasers of land who buy property relying on the plat still acquire an easement in those rights of ways.

3. **Easements § 3 — easement appurtenant created**

    Defendants' easement was not in fact a true dedication but was closer to an easement appurtenant which is created when the purchaser whose transaction relies on a plat is conveyed the land.

4. **Easements § 5 — no easement of ingress and egress established — language in deed as notice that easement existed**

    The language "subject to" found in plaintiffs' deed did not create an easement of ingress and egress over their land, since the easement itself was created by dedication, but the

language was important because it notified any purchaser or subsequent purchaser that an easement existed across the tract.

**5. Easements § 5— no easement by necessity—removal of necessity did not eliminate easement**

There was no merit to plaintiffs' contention that any easement across their property was an easement by necessity, that defendants had alternative routes of ingress and egress, and that the easement should therefore be eliminated, since the existence of the easement across plaintiffs' property was not dependent on the dominant tenement owners requiring an access to their property but instead rested on the expectation and reliance created when the original owner divided and platted the tracts of land and sold the land while referring to a map showing the easement.

APPEAL by plaintiffs from *Bowen, Judge.* Order entered 12 October 1988 in Superior Court, HARNETT County. Heard in the Court of Appeals 29 August 1989.

In this civil action plaintiffs seek to close a section of a pathway that crosses their property. Defendants own portions of an adjacent tract of land through which the pathway also crosses. Plaintiffs filed suit 25 March 1988 under the Uniform Declaratory Judgment Act (N.C.G.S. § 1-253 through 1-267, Article 26), asking the court to construe the deeds referred to in plaintiffs' complaint and determine the rights, status and/or other legal relations of plaintiffs and defendants herein. At trial, counsel for plaintiffs and defendants stipulated and agreed that the court consider the pleadings and exhibits and reach its decision without either party offering other evidence. The court accepted this stipulation and concluded that plaintiffs held their tract of land subject to an easement of ingress and egress for the reasonable use and benefit of defendants. From this order, plaintiffs appealed. We find no error.

The record before us discloses the following facts: all the property in question here was at one time owned by Erwin Mills, Inc., of Erwin, North Carolina [Erwin Mills]. Plaintiffs now own and possess as tenants by entirety a parcel of land referred to as Tract No. 4 on a map designated as Map 1 of the Erwin Mills Property [Erwin Mills Map]. This map is recorded at Plat Book 7, Page 2 of the Harnett County Registry. The map shows six large tracts of land ranging in size from sixty-two to seventy-seven

acres that are situated parallel to each other between State Road No. 1769 and the Cape Fear River. Plaintiffs became owners of Tract No. 4 through conveyances from the descendants of D. B. Johnson. Johnson had purchased Tract No. 4 from Erwin Mills under a deed dated 23 January 1954 that is recorded in Plat Book 352, Page 78, Harnett County Registry.

Defendant Fleming E. Walker was conveyed Tract No. 5, an adjacent tract to Tract No. 4, on the same date Tract No. 4 was conveyed to D. B. Johnson, 23 January 1954. The deed from Erwin Mills to Walker is recorded in Plat Book 352, Page 77, Harnett County Registry. The other defendants own land that originally made up Tract No. 5. They acquired their respective parcels from Walker or through subsequent purchasers of Walker.

The deeds from Erwin Mills to D. B. Johnson and from Erwin Mills to Fleming Walker are identical except that one deed conveys Tract No. 4; the other, Tract No. 5. Neither deed provides a metes and bounds description of the tracts sold, but instead refers to the properties conveyed as Tracts No. 4 and No. 5 "as shown on" the Erwin Mills Map. No other description of the dimensions or location of the tracts conveyed is provided in the deed. Also both deeds contain the same conditions, restrictions, and reservations of easements.

The narrow path or roadway in question here is known as the "Pump Station Road," and the road is referred to both in the deeds described above and on the Erwin Mills Map. The map clearly shows that the Pump Station Road begins at State Road No. 1769, which forms the northern border of these tracts, extends south along the dividing line between Tracts No. 3 and No. 4, and then turns east crossing Tracts No. 4, No. 5, and No. 6.

Plaintiffs on appeal contend the trial court erred in concluding that plaintiffs took Tract No. 4 subject to the right-of-way easement known as Pump Station Road, and that plaintiffs are not entitled to close, obstruct, or interfere with travel through said road. We disagree with plaintiffs and affirm the court's decision for defendants.

*McLeod, McLeod, and Hardison, by J. Michael McLeod, for appellants.*

*Vernon K. Stewart for appellees.*

ARNOLD, Judge.

[1] The law governing the methods to establish an easement by dedication is well settled. A dedication may be made by express language, reservation, or by conduct showing an intention to dedicate. Conduct indicating the intention to dedicate may be found where a plat is made showing streets and the land is sold either by express reference to such a plat or by a showing that the plat was used and referred to in negotiations for the sale. *Houghton v. Woodley*, 67 N.C. App. 475, 478, 313 S.E.2d 225, 227 (1984); *Green v. Barbee*, 238 N.C. 77, 79, 76 S.E.2d 307, 309 (1953). In this case, the evidence is clear that both conveyances from Erwin Mills to D. B. Johnson and from Erwin Mills to Walker Fleming were made by express reference to the Erwin Mills Map.

[2, 3] Furthermore, where land is sold in reference to a plat or map, but the dedication of the land has not been formally accepted by the appropriate authority, purchasers of land who buy property relying on the plat still acquire an easement in those right-of-ways. *Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E.2d 30, 35-36 (1964). In this situation, three categories of persons are affected: the purchasers within the platted area, purchasers outside the area designated, and the general public. Plaintiffs and defendants in this case, owners of Tracts No. 4 and No. 5, are purchasers within the area platted because they took their property through deeds that specifically referred to the Erwin Mills Map. The interest created by purchasers within the platted area as to right-of-ways shown on the plat is not strictly speaking a true dedication. A dedication must be made to the public at large, not part of the public, and before a dedication can take effect, it must be accepted by the appropriate authorities. *Land Corp. v. Styron*, 7 N.C. App. 25, 28, 171 S.E.2d 215, 217 (1969); *see Houghton*, 67 N.C. App. at 478, 313 S.E.2d at 227. Instead, the defendants' easement in this case is closer in nature to an easement appurtenant, and it is created when the purchaser whose transaction relies on the plat is conveyed the land. *Highway Comm'n v. Thornton*, 271 N.C. 227, 156 S.E.2d 248 (1967). No further action by the purchaser, vendor, or public authorities is necessary to preserve the easement rights of the purchaser.

> Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished or diminished except by agreement

or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. (Citations omitted.)

*Realty Co.*, 261 N.C. at 421, 135 S.E.2d at 36.

The general public, on the other hand, only acquires rights in a dedication upon acceptance of the dedication. *Houghton*, 67 N.C. App. at 478, 313 S.E.2d at 227. The reason such a dedication is not complete until acceptance is to prevent landowners, simply by executing a deed, from compelling the authorities to assume the burdens of maintaining or repairing property offered for dedication. *Id.* Purchasers of parcels of land located outside the boundaries of the area platted and recorded acquire the rights of the general public, not the rights of the purchaser within the area. *Id.*

[4] Plaintiffs argue that language in D. B. Johnson's deed from Erwin Mills was insufficient to create an easement of ingress and egress over Tract No. 4. We disagree with plaintiffs' analysis on the effect of this language.

Plaintiffs rely on *Mason v. Andersen*, 33 N.C. App. 568, 235 S.E.2d 880 (1977), where this Court held the following language was insufficient to convey an easement to a purchaser for the privilege of using a lake located in a subdevelopment: "This deed is delivered and accepted subject to those restrictions [which were recorded in a plat book]." *Id.* at 571, 235 S.E.2d at 882. It is true that language in a deed stating a parcel of land is transferred "subject to" several restrictions on its use cannot also be construed to transfer to the owner of the same parcel an easement in the use of other land—in the *Mason* case, the right to use a lake. Plaintiffs, however, have misapplied the *Mason* case here. The issue in the present case is not whether the plaintiffs, the owners of Tract No. 4, have an easement across another landowner's property, it is whether the plaintiffs purchased Tract No. 4 *subject to* an easement held by the defendants. The *Mason* case in fact demonstrates that plaintiffs took Tract No. 4 subject to such an easement.

An easement is "[a] right to make some use of land owned by another without taking a part thereof." *Builders Supplies Co. of Goldsboro, N.C., Inc. v. Gainey*, 282 N.C. 261, 266, 192 S.E.2d 449, 453 (1972). The property receiving the benefit of an easement is known as the dominant land; the burdened land is the servient

estate. Language such as "subject to" in a deed relegates property in question to the status of a servient estate concerning any restrictions placed on transferred property. *Mason*, 33 N.C. App. at 572, 235 S.E.2d at 882. Likewise, in the case at bar, the language "subject to" found in plaintiffs' deed indicates plaintiffs' property is the servient estate as to the section of the Pump Station Road that crosses through Tract No. 4. We agree with plaintiffs that the language "subject to" in their deed does not create the easement. As explained above, the easement itself was created by dedication. The language in plaintiffs' deed, however, is important because it notifies any purchaser or subsequent purchaser that an easement exists across Tract No. 4. Defendants, as owners of the dominant estate in this case, possess the privilege to reasonably use the easement across the servient land for the purposes of ingress and egress.

[5] Plaintiffs also argue that if an easement across Tract No. 4 in fact exists, it is an easement by necessity. They contend the easement should now be eliminated because the defendants have alternative routes of ingress and egress. Defendants' easement created by the Erwin Mills deeds and map, however, is not an easement by necessity. The existence of the easement across Tract No. 4 is not dependent on the dominant tenement owners requiring an access to their property, rather it rests on the expectation and reliance created when Erwin Mills divided and platted the tracts of land and sold the land while referring to the map showing the Pump House Road.

Finally, plaintiffs argue without supporting citations that the Tract No. 4 deed from Erwin Mills to D. B. Johnson failed to create an easement because of "the lack of specific description of the alleged easement." As stated above, however, the easement here was created by selling the divided tracts while relying on the Erwin Mills Map. The map is the key to the existence of the defendants' easement in this case, and it clearly shows the road.

Therefore, the plaintiffs are legal owners of Tract No. 4 subject to an easement of ingress and egress for the reasonable use and benefit of the defendants in this matter. The order of the trial court is

Affirmed.

Judges BECTON and COZORT concur.