ALEX A NELMS AND NELLIE E. NELMS, PLAINTIFFS v. JERRY V. DAVIS, DEFENDANT

No. COA05-1164

(Filed 15 August 2006)

**Easements— appurtenant easement—dedication**

The trial court erred by granting summary judgment in favor of defendant and concluding that plaintiffs were permanently enjoined from entering defendant's property through use of a sixty-foot wide strip, because plaintiffs have an easement appurtenant in the strip where (1) the language in the pertinent 1964 deed depicts the strip to be a street, plaintiffs' 1966 deed

expressly references the 1964 survey map, the July 1986 subdivision map depicts the strip as a future road, and a subdivision map filed 19 June 1987 depicts the strip as a private access easement; (2) although the 1964 survey map was unrecorded, a map or plat referred to in a deed becomes part of the deed and need not be registered to serve as a common law dedication; (3) although the strip has never been dedicated to the general public and is therefore not a public street, this fact does not prevent plaintiffs from having an easement in the strip; (4) plaintiffs purchased their lot subject to the appurtenant easement shown on the map referenced by their deed and they are entitled to the benefit of the easement; and (5) although plaintiffs' property is next to a public street and use of the strip is not necessary, the record contains no evidence that there has been any abandonment of the easement or that defendant has sought closure of the strip pursuant to N.C.G.S. § 136-96.

Appeal by plaintiffs from judgment entered 21 April 2005 by Judge Robert A. Evans in Nash County District Court. Heard in the Court of Appeals 19 April 2006.

*Etheridge, Sykes & Hamlett, LLP, by J. Richard Hamlett, II, for plaintiff-appellants.*

*Battle, Winslow, Scott & Wiley, P.A., by A. Scott McKellar, for defendant-appellee.*

HUNTER, Judge.

Alex A. Nelms and Nellie E. Nelms ("plaintiffs") appeal from summary judgment of the trial court permanently enjoining them from entering property owned by Jerry V. Davis ("defendant"). Plaintiffs contend they have an easement over defendant's property, and the trial court erred in determining otherwise. We agree and therefore reverse the judgment of the trial court.

Plaintiffs and defendant own adjacent property in Nash County. Defendant's property includes a sixty-foot wide unpaved strip of land he uses as his driveway. The sixty-foot wide strip is directly adjacent to plaintiffs' property. Plaintiffs use the strip of land for entry into and exiting their back yard and for parking.

Defendant's and plaintiffs' property was once part of a larger tract of land owned by Iva P. Davis ("Davis"). In November of 1964,

NELMS v. DAVIS

[179 N.C. App. 206 (2006)]

Davis and other members of her family subdivided their property into four separate lots. A survey map of the subdivision dated 24 November 1964 shows the four tracts of land numbered one through four. The sixty-foot wide strip of land presently owned by defendant lies between tracts two ("tract two") and three ("tract three") and is labeled "to be street" on the 1964 survey map. Plaintiffs are the present owners of tract three.

On 25 November 1964, Davis and other members of her family conveyed tract three to B. G. Manning and his wife Mary C. Manning ("the Mannings"). The deed states that the legal description of the property "is made from a map of property of Mrs. Iva B. Davis drawn November 24, 1964, by Dasher & Davis, surveyors." The deed also provides that "[t]he grantors agree that they will dedicate a 60 foot wide street on the western side of the above described lot." A second deed, also dated 25 November 1964, conveys tract two from Davis to the Mannings and likewise provides "[t]he grantors herein agree that they will dedicate a 60 foot wide street on the eastern side of the above described lot." The "60 foot wide street" referred to in both deeds is the sixty-foot wide strip presently owned by defendant.

On 17 January 1966, the Mannings conveyed tract three to plaintiffs. The deed notes that its legal description "is made from a map of property of Mrs. Iva B. Davis drawn November 24, 1964, by Dasher & Davis, surveyors." Plaintiffs have made consistent use of the sixty-foot wide strip of land since 1966.

In July of 1986, Davis filed a subdivision map of the property presently owned by plaintiffs and defendant which depicts the sixty-foot strip as a "future road." A subdivision map filed 19 June 1987 depicts the sixty-foot wide strip as a "private access easement."

During the summer of 2002, plaintiffs and defendant had an altercation which resulted in defendant placing "no trespassing" signs upon the sixty-foot wide strip and demanding that plaintiffs cease their use of the property. Plaintiffs continued to use the property, however. In response to a claim of nuisance made by plaintiffs against him, defendant filed an action for civil trespass. Both plaintiffs and defendant filed motions for summary judgment, which came before the trial court on 24 March 2004. Upon consideration of the matter, the trial court determined that defendant was entitled to judgment as a matter of law. The trial court entered judgment permanently enjoining plaintiffs from using the sixty-foot wide strip and denying their claim for nuisance. Plaintiffs appeal.

Plaintiffs appeal from a grant of summary judgment. Summary judgment is only appropriate when there are no genuine issues of material fact and any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (2005). "The moving party has the burden of establishing the lack of any triable issue," and "[a]ll inferences of fact from the proof offered at the hearing must be looked at in the light most favorable to the nonmoving party." *Gregory v. Floyd*, 112 N.C. App. 470, 473, 435 S.E.2d 808, 810 (1993).

Plaintiffs contend they have an easement appurtenant in the sixty-foot wide strip. "An appurtenant easement is 'an easement created for the purpose of benefitting particular land.' " *Harry v. Crescent Resources, Inc.*, 136 N.C. App. 71, 74, 523 S.E.2d 118, 120 (1999) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 161-62, 418 S.E.2d 841, 846 (1992)). " 'This easement attaches to, passes with and is an incident of ownership of the particular land.' " *Id.* An appurtenant easement may be created by implied or express dedication, with either a formal or informal transfer. *Id.*

"Conduct indicating the intention to dedicate may be found where a plat is made showing streets and the land is sold either by express reference to such a plat or by a showing that the plat was used and referred to in negotiations for the sale." *Price v. Walker*, 95 N.C. App. 712, 715, 383 S.E.2d 686, 688 (1989). As our Supreme Court has stated:

> Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and playgrounds kept open for his reasonable use, and this right is not subject to revocation except by agreement. It is said that such streets, parks and playgrounds are *dedicated* to the use of lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished, altered or diminished except by agreement or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots.

*Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E.2d 30, 35-36 (1964) (citations omitted); *see also Hinson v. Smith*, 89 N.C. App. 127, 130,

NELMS v. DAVIS

[179 N.C. App. 206 (2006)]

365 S.E.2d 166, 167 (1988) ("[c]onduct which implies the intent to dedicate may operate as an express dedication, as where a plat is made and land is sold in reference to the plat").

In *Price*, the plaintiffs and defendants owned adjacent tracts of land over which a narrow pathway, known as the "Pump Station Road," crossed. *Price*, 95 N.C. App. at 713-14, 383 S.E.2d at 687-88. Both tracts of land were once part of a larger parcel, which the original landowner subsequently divided up and sold. The plaintiffs' and defendants' deeds referred to a recorded map of the subdivision. The recorded map, in turn, showed the existence of the "Pump Station Road" running through the plaintiffs' and the defendants' property. The plaintiffs' and the defendants' deeds also referenced the "Pump Station Road." The plaintiffs thereafter sought to close a section of the pathway that crossed their property. The defendants objected, arguing they had an easement in the pathway. Upon review, this Court agreed with the defendants, noting that the defendants' deed expressly referenced the map depicting the pathway. The *Price* Court stated that the defendants' easement appurtenant in the pathway "was created by selling the divided tracts while relying on the [recorded m]ap. The map is the key to the existence of the defendants' easement in this case, and it clearly shows the road." *Id.* at 717, 383 S.E.2d at 689. The Court noted that it was of no consequence that the pathway had never been dedicated to the public, and that the defendants had alternative routes of ingress and egress.

In the instant case, the language in the 1964 deed of conveyance from Davis to the Mannings of the property presently owned by plaintiffs stated that "[t]he grantors agree that they will dedicate a 60 foot wide street on the western side of the above described lot." This evidences the original owners' express intent to dedicate the sixty-foot wide strip to the use of the lot purchasers within the subdivision they created. Plaintiffs' 1966 deed from the Mannings expressly references the 1964 survey map. The 1964 survey map depicts the sixty-foot wide strip as "to be street." The July 1986 subdivision map filed by Davis depicts the sixty-foot strip as a "future road," and a subdivision map filed 19 June 1987 depicts the sixty-foot wide strip as a "private access easement." These actions are sufficient to create an appurtenant easement in favor of plaintiffs in the sixty-foot wide strip.

Defendant argues no easement was created because the 1964 survey map was unrecorded.

However, under a common law dedication, subjective intent to make a dedication and a recording of the plat is unnecessary. . . . "A map or plat referred to in a deed becomes part of the deed and need not be registered." Therefore, as long as the landowner has notice of the plat through his deed, the plat does not have to be recorded in order to effect a right of way dedication.

*Dept. of Transportation v. Haggerty*, 127 N.C. App. 499, 501, 492 S.E.2d 770, 771-72 (1997) (citations omitted). Plaintiffs' deed expressly references the 1964 survey map, which then became a part of the deed itself. The 1964 survey map did not have to be recorded to serve as a common law dedication. *See id.*

Defendant also contends that the sixty-foot wide strip has never been accepted for dedication by any proper public authority. *See, e.g., Department of Transp. v. Elm Land Co.*, 163 N.C. App. 257, 265, 593 S.E.2d 131, 137 (citation omitted) (noting that " '[a] dedication of property to the public consists of two steps: (1) an offer of dedication, and (2) an acceptance of this offer by a proper public authority' "), *disc. review denied*, 358 N.C. 542, 599 S.E.2d 42 (2004). We agree that the sixty-foot wide strip has never been dedicated to the general public and is therefore not a public street. *See, e.g., Wright v. Town of Matthews*, 177 N.C. App. 1, 11, 627 S.E.2d 650, 658-61 (2006) (discussing creation of a public street). This fact, however, does not prevent plaintiffs from having an easement in the sixty-foot wide strip. *See Realty Co.*, 261 N.C. at 421, 135 S.E.2d at 36 ("[i]n a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public"); *Price*, 95 N.C. App. at 715, 383 S.E.2d at 688 ("where land is sold in reference to a plat or map, but the dedication of the land has not been formally accepted by the appropriate authority, purchasers of land who buy property relying on the plat still acquire an easement in those right-of-ways"); *Rudisill v. Icenhour*, 92 N.C. App. 741, 743, 375 S.E.2d 682, 684 (1989) (noting that purchasers of lots in a platted and recorded subdivision acquire an easement in the subdivision streets, regardless of whether such streets are dedicated to the public). Plaintiffs purchased their lot subject to the appurtenant easement shown on the map referenced by their deed and they are entitled to the benefit of the easement. *See Realty Co.*, 261 N.C. at 421, 135 S.E.2d at 36 ("[t]his is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots"); *Price*, 95 N.C. App. at 715, 383 S.E.2d at 688 (an easement appurtenant "is created when the purchaser whose transaction relies on the plat is conveyed the land").

NELMS v. DAVIS

[179 N.C. App. 206 (2006)]

Finally, defendant argues that because plaintiffs' property is adjacent to a public street, use of the sixty-foot wide strip is not necessary, thereby precluding plaintiffs' use of the easement. Defendant relies upon *Wofford v. Highway Commission*, 263 N.C. 677, 140 S.E.2d 376 (1965), which cautions that a right of an easement appurtenant

> is not absolute; it extends only to streets or portions of streets of the subdivision necessary to afford convenient ingress or egress to the lot of the purchaser. *Under certain circumstances* the seller-dedicator or other lot owners may abandon and close a street or a portion of a street. As to the purchaser, opposing such closing, the question is whether the street is reasonably necessary for the use of his lot.

*Id.* at 683, 140 S.E.2d at 381 (emphasis added). The circumstances referred to in *Wofford,* however, refers to a withdrawal of a dedication of easement pursuant to N.C. Gen. Stat. § 136-96. *See id.*; N.C. Gen. Stat. § 136-96 (2005) (allowing for withdrawal of dedicated right-of-way after fifteen years of non-use unless such right-of-way is "necessary to afford convenient ingress or egress to any lot or parcel of land sold and conveyed by the dedicator of such street or highway"). Such is not the case here. The record contains no evidence that there has been any abandonment of the easement or that defendant has sought closure of the sixty-foot wide strip pursuant to N.C. Gen. Stat. § 136-96. As such, the principle from *Wofford* cited by defendant has no application in the instant case. *See Price,* 95 N.C. App. at 717, 383 S.E.2d at 689 (rejecting the plaintiffs' argument that the defendants' easement was extinguished because they had alternative routes of ingress and egress thusly: "The existence of the easement across Tract No. 4 is not dependent on the dominant tenement owners requiring an access to their property, rather it rests on the expectation and reliance created when [the original landowner] divided and platted the tracts of land and sold the land while referring to the map showing the [right-of-way]").

We hold plaintiffs have an appurtenant easement in the sixty-foot wide strip owned by defendant. The trial court therefore erred in granting summary judgment to defendant. We reverse the judgment of the trial court.

Reversed.

Judges McGEE and STEPHENS concur.