IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1042

Filed: 1 September 2020

Wake County, No. 18-CVS-010628

JOHN D. SAULS, et al., Plaintiffs,

v.

ROBERT O. BARBOUR, et al., Defendants.

Appeal by Defendants from order entered 11 July 2019 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 11 August 2020.

> *Ragsdale Liggett PLLC, by Amie C. Sivon and Matthew L. Hubbard, for Plaintiffs-Appellees.*

> *Edmundson & Burnette, LLP, by James T. Duckworth, III, and Daniel R. Flebotte & Associates, PLLC, by Daniel R. Flebotte, for Defendants-Appellants.*

COLLINS, Judge.

Defendants appeal from an order granting Plaintiffs' motion for judgment on the pleadings in their action to quiet title and for declaratory judgment that Plaintiffs have an appurtenant easement over Defendants' property. Defendants argue that the trial court erred because Defendants' submission of two affidavits opposing the motion converted the motion into one for summary judgment, there were material issues of fact that precluded the trial court from effectively granting summary

judgment, and Plaintiffs are not entitled to an appurtenant easement as a matter of law. We affirm the order.

## I. Procedural History

Plaintiffs brought an action in Wake County Superior Court on 24 August 2018 to quiet title and for declaratory judgment that Plaintiffs have an appurtenant easement of ingress and egress across Defendants' property. Plaintiffs attached to the complaint the recorded deeds and maps for both Plaintiffs' and Defendants' properties. Plaintiffs filed an amended complaint on 16 April 2019. Defendants filed an answer on 8 May 2019. The next day, Plaintiffs filed a motion for judgment on the pleadings. On 20 June 2019, Defendants filed two affidavits in opposition to the motion.[1] After conducting a hearing on 9 July 2019, the trial court entered an order on 11 July 2019, granting Plaintiffs' motion for judgment on the pleadings, and declaring that "Plaintiffs have a perpetual appurtenant easement across the land designated "30' INGRESS / EGRESS EASEM'T" on the plat maps referenced by both Plaintiffs' and Defendants' deeds." Defendants timely filed notice of appeal.

## II. Factual Background

Prior to 1980, Walter and Coma Willard owned a tract of land located between Penny Road and Lake Wheeler Road in Wake County. In 1980, the Willards conveyed the northwestern, 3-acre portion of their property at 5005 Penny Road ("Penny Rd.

---

[1] Defendants did not otherwise file a response in opposition to the motion.

Property") to David Hursey and his wife by a general warranty deed recorded in the Wake County Registry.[2] The Willards retained ownership of the remaining tract ("Willard Tract") that adjoined the Penny Rd. Property on the east and south sides and extended east to Lake Wheeler Road. A survey map of the Penny Rd. Property was recorded in 1981 ("Penny Rd. Property Map"), and is depicted below. The Penny Rd. Property Map shows both the Penny Rd. Property and the adjoining Willard Tract. The Willard Tract includes an area labeled "30' INGRESS EGRESS EASEMENT" running across the entire northern border of the Willard Tract, from the Penny Rd. Property on the west side to Lake Wheeler Road on the east side.

---

[2] All recordings referred to herein were filed in the Wake County Registry.

**Penny Rd. Property Map**



In 1983, the Willards subdivided the northeastern portion of the Willard Tract at 4900 Lake Wheeler Road and recorded a map of the newly created 1.43-acre parcel, labeling it "Tract A" ("Subdivision Map"). The Subdivision Map, depicted below, includes an area on the northern border of Tract A labeled "30' INGRESS / EGRESS EASEM'T," running across the entire 314.47-foot northern boundary of Tract A, from the Penny Rd. Property on the west side to Lake Wheeler Road on the east side. The dotted line representing the southern boundary of the area labeled "30' INGRESS / EGRESS EASEM'T" extends partly into the adjoining Penny Rd. Property. At the

time the Subdivision Map was recorded, the Penny Rd. Property was owned by the Hurseys and is accordingly labeled "Dave Hursey."

### *Subdivision Map*



In 1984, the Willards conveyed Tract A at 4900 Lake Wheeler Road ("Lake Wheeler Rd. Property") to Robert Barbour and his wife, Barbara Barbour, by a recorded general warranty deed ("Barbour Deed"). The Barbour Deed expressly refers to the Subdivision Map recorded by the Willards in 1983, which shows the "30' INGRESS / EGRESS EASEM'T." The Barbour Deed also states that title to the

property is subject to "all easements of record in the Wake County Registry which affect the title of the said lot."

The Barbers conveyed the Lake Wheeler Rd. Property in 2018 to their son, Robert Barbour, Jr., by a non-warranty deed ("Barbour Jr. Deed"). The Barbour Jr. Deed was recorded and expressly refers to the Subdivision Map recorded by the Willards in 1983, which shows the "30' INGRESS / EGRESS EASEM'T." Robert Barbour, Jr., is the record owner of the Lake Wheeler Road Property and resides there with his father, Robert Barbour (collectively "Defendants").

The Penny Rd. Property was conveyed by the Hurseys in 1986 to Richard Arnold by general warranty deed. Arnold conveyed it in 1987 to John Sauls and his wife, Susan Jane Curtis, by general warranty deed ("Sauls Deed"). The Sauls Deed expressly refers to the Penny Rd. Property Map recorded in 1981, which shows the "30' INGRESS EGRESS EASEMENT." Plaintiffs are members of the Sauls family, who are currently the record owners of the Penny Rd. Property.

**Willard Tract**



| **Penny Rd. Property** | | **Lake Wheeler Rd. Property** |

Willards conveyed to Hurseys in 1980

Willards created by subdivision in 1983



Hurseys conveyed to Arnold in 1986

Willards conveyed to Barbours in 1984



Arnold conveyed to Sauls and wife, Susan Jane Curtis, in 1987

Barbours conveyed to Barbour, Jr. in 2018

Plaintiffs allege that their family members used the property designated on the maps as an ingress/egress easement across Defendants' property to access their home from Lake Wheeler Road. In April 2018, Defendants parked a vehicle on that property, thereby blocking Plaintiffs' access to the Penny Rd. Property from Lake Wheeler Road. Barbour, Jr., later told Sauls that Plaintiffs do not have a legal easement over Defendants' property and that they could not continue to use the easement across Defendants' property to access their own.

## III. Discussion

Defendants argue that the trial court erred by granting Plaintiffs' motion for judgment on the pleadings, because: (1) Defendants' submission of two affidavits opposing the motion converted it into one for summary judgment; (2) the trial court erred by effectively granting summary judgment; and (3) even if not converted into summary judgment, judgment on the pleadings was improper because material issues of fact exist, and Plaintiffs are not entitled to a perpetual appurtenant easement as a matter of law.

### *A. Submission of Affidavits*

Defendants first argue that their submission of two affidavits in opposition to Plaintiffs' motion for judgment on the pleadings converted the motion into one for summary judgment.

Rule 12(c) of the North Carolina Rules of Civil Procedure provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to *and not excluded by* the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(c) (2019) (emphasis added).

This provision sets forth a procedure analogous to the conversion of a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. *See* 5C Charles A.

Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1371 (3d ed. 2020) (citing Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")). With respect to both motions to dismiss and motions for judgment on the pleadings, the trial court is vested with discretion to choose whether to consider materials outside the pleadings submitted in support of or in opposition to those motions. *See id.* at §§ 1366, 1371. *See also McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) ("[A] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. . . . [N]ot considering such matters is the functional equivalent of excluding them—there is no more formal step required." (internal quotation marks and citation omitted)).

Documents attached to and incorporated within a complaint become part of the complaint. *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 204, 652 S.E.2d 701, 707 (2007). "They may, therefore, be considered in connection with a Rule 12(b)(6) or 12(c) motion without converting it into a motion for summary judgment." *Id.* (citation omitted). "[I]n the event that the matters outside the pleadings considered by the trial court consist only of briefs and arguments of counsel, the trial court need not convert the motion into one for summary judgment." *Steele v. Bowden*, 238 N.C. App. 566, 573, 768 S.E.2d 47, 54 (2014) (internal quotation marks, ellipses, brackets, and citation omitted).

In determining whether a trial court considered matters outside the pleadings when entering judgment on the pleadings, reviewing courts have looked to cues in the trial court's order. *See Davis v. Durham Mental Health/Dev. Disabilities/Substance Abuse Area Auth.*, 165 N.C. App. 100, 105, 598 S.E.2d 237, 241 (2004) (motion for judgment on the pleadings not converted into motion for summary judgment, even though plaintiff presented at least three documents to the trial court, where the order stated, "[b]ased upon the pleadings and the arguments of counsel, the Court finds that Defendant is entitled to entry of a judgment in its favor based on the pleadings"); *Privette v. Univ. of N.C. at Chapel Hill*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989) (Rule 12 motion was not converted into Rule 56 motion where affidavits were introduced to support the motion, because "the trial court specifically stated in its order that for the purposes of the Rule 12 motion, it considered only the amended complaint, memoranda submitted on behalf of the parties[,] and arguments of counsel").

In this case, prior to the hearing on the motion for judgment on the pleadings, Defendants filed two affidavits in opposition to the motion.[3] In its order granting the motion, the trial court specifically stated:

> After reviewing Plaintiffs' motion, evaluating the pleadings and all attachments, and considering the arguments of counsel, this Court concludes that no genuine issues of material fact remain, that this case may be

[3] Plaintiffs state in their appellate brief that they asked the trial court at the motion hearing to exclude the affidavits. Because the record on appeal does not contain a transcript of the hearing, we cannot determine whether the trial court ruled on this request in open court.

decided as a matter of law, and that it is therefore appropriate to enter judgment on the pleadings.

As in *Davis* and *Privette*, the trial court's order indicates that the trial court evaluated the pleadings and all attachments, and considered the arguments of counsel. Notably, it does not state that the trial court considered Defendants' affidavits, which would appropriately have been considered on a motion for summary judgment. Additionally, nothing in the record indicates that the trial court considered matters beyond the pleadings, arguments, and briefs. Accordingly, although the affidavits were *presented* to the trial court, they were *excluded* by the trial court from consideration in its ruling. The motion was therefore not converted into one for summary judgment.

### B. Summary Judgment

By Defendants' next two arguments, Defendants contend that the trial court erred in effectively awarding Plaintiffs summary judgment. These arguments are necessarily dependent upon Defendants' position that their submission of affidavits converted Plaintiffs' motion for judgment on the pleadings into one for summary judgment. However, as explained above, Plaintiffs' motion for judgment on the pleadings was not converted into one for summary judgment where the trial court excluded Defendants' affidavits, and the trial court granted judgment on the pleadings in favor of Plaintiff. Defendants' argument is thus overruled.

### C. *Judgment on the Pleadings*

Finally, Defendants argue that, even if the motion for judgment on the pleadings was not converted into one for summary judgment, the trial court erred by entering judgment on the pleadings. Defendants specifically allege that a material issue of fact exists as to whether the description of the purported appurtenant easement is sufficient to identify such an easement.

This Court reviews a trial court's order granting a motion for judgment on the pleadings de novo. *Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (2005). Under a de novo review, we "may freely substitute our judgment for that of the trial court." *Carteret County v. Kendall*, 231 N.C. App. 534, 536, 752 S.E.2d 764, 765 (2014) (internal quotation marks, brackets, and citation omitted).

"A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citations omitted). The movant must show that no material issue of facts exists and that the movant is entitled to judgment as a matter of law. *Id.*

> The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false. All allegations in the nonmovant's pleadings, except conclusions of law, legally impossible

> facts, and matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion.

*Id.* (citations omitted).

"An easement is a right to make some use of land owned by another." *Tanglewood Prop. Owners' Ass'n, Inc. v. Isenhour*, 254 N.C. App. 823, 830, 803 S.E.2d 453, 458 (2017) (ellipsis and citation omitted). "An appurtenant easement is an easement created for the purpose of benefiting particular land . . . [and] attaches to, passes with[,] and is an incident of ownership of the particular land." *Id.* at 830, 803 S.E.2d at 459 (citation omitted).

"An easement can be created in several ways, including grant, estoppel, way of necessity, implication, dedication, prescription, reservation, and condemnation." *Id.* (citation omitted). "Although easements must generally be created in writing, courts will find the existence of an easement by implication under certain circumstances." *Knott v. Wash. Hous. Auth.*, 70 N.C. App. 95, 97, 318 S.E.2d 861, 862-63 (1984) (citation omitted). "Appurtenant easements implied by plat are recognized in North Carolina." *Tanglewood*, 254 N.C. App. at 830, 803 S.E.2d at 459 (citing *Hinson v. Smith*, 89 N.C. App. 127, 131, 365 S.E.2d 166, 168 (1988) (holding property owners possess "a private easement over and across all of the property designated as 'Beach' on the recorded plat")). An appurtenant easement may be created "by implied dedication, with either a formal or informal transfer," *Nelms v. Davis*, 179 N.C. App. 206, 209, 632 S.E.2d 823, 826 (2006) (citation omitted), and may be created "when the

purchaser whose transaction relies on the plat is conveyed the land," *Price v. Walker*, 95 N.C. App. 712, 715, 383 S.E.2d 686, 688 (1989). *See also Hinson*, 89 N.C. App. at 130, 365 S.E.2d at 167 ("Conduct which implies the intent to dedicate may operate as an express dedication, as where a plat is made and land is sold in reference to the plat.").

"The easement areas must be sufficiently identified on the plat in order to establish an easement, although an express grant is not required." *Tanglewood*, 254 N.C. App. at 830, 803 S.E.2d at 459 (citing *Conrad v. West-End Hotel & Land Co.*, 126 N.C. 776, 779-80, 36 S.E. 282, 283 (1900) (holding purchasers' deed reference to plat containing area identified "Grace Court" sufficient to establish purchasers' right to "open space of land"); *Harry v. Crescent Res., Inc.*, 136 N.C. App. 71, 75, 80, 523 S.E.2d 118, 121, 123-24 (1999) (determining remnant parcels depicted on plat and "described by metes and bounds" but not further identified insufficient to establish an easement); *Hinson*, 89 N.C. App. at 130-31, 365 S.E.2d at 167-68 (finding area designated "Beach" on recorded plat referenced by property owners' deeds sufficient to establish a private easement)).

In this case, Plaintiffs attached the following documents of public record to their amended complaint, incorporating them by reference: the Sauls Deed, which explicitly refers to the Penny Rd. Property Map; the Penny Rd. Property Map; the Barbour Deed and the Barbour Jr. Deed, which both explicitly refer to the Subdivision Map; and the Subdivision Map. These documents thus became part of the complaint

and were properly considered in connection with Plaintiffs' motion for judgment on the pleadings. *See Weaver*, 187 N.C. App. at 204, 652 S.E.2d at 707. Defendants admitted the existence of these documents in their answer and admitted that "[b]oth plats referenced in Plaintiffs' and Defendants' deeds show the Easement as '30' INGRESS / EGRESS EASEM'T.'"

The Sauls Deed expressly refers to the Penny Rd. Property Map, which shows the 30-foot ingress/egress easement on and across Defendants' property. The Barbour Deed and Barbour Jr. Deed expressly refer to the Subdivision Map, which shows the 30-foot ingress/egress easement on and across Defendants' property. *See Price*, 95 N.C. App. at 715, 383 S.E.2d at 688 (An appurtenant easement may be created "when the purchaser whose transaction relies on the plat is conveyed the land"). The inclusion of the specifically labeled 30-foot ingress/egress easement on the recorded Subdivision Map demonstrates the Willards' intent that the ingress/egress easement be used by the owners of the Penny Rd. Property to traverse the Lake Wheeler Rd. Property to access their property from Lake Wheeler Road. *See Hinson*, 89 N.C. App. at 130, 365 S.E.2d at 167; *Nelms*, 179 N.C. App. at 209, 632 S.E.2d at 826 (appurtenant easement may be created by implied dedication, either by formal or informal transfer).

As in *Price* and *Hinson*, the easement in this case is sufficiently identifiable to establish an ingress/egress easement across Defendants' Lake Wheeler Rd. Property for the benefit of Plaintiffs' Penny Rd. Property. Both recorded maps show that the

easement across Defendants' property: (a) is labeled as an ingress/egress easement; (b) is coterminous with the northern boundary of Defendants' property, which is described in metes and bounds in the Barbour Jr. Deed, on the Subdivision Map, and on the Penny Rd. Property Map, and is labeled 314.47 feet long; (c) intersects with Lake Wheeler Road on its east side; (d) intersects with the Penny Rd. Property on the west side; and (e) is 30 feet wide, as can be inferred from the "30' ingress/egress easement" label.

Defendants argue that the description of the easement on the map is ambiguous. Defendants assert that "notwithstanding the ingress/egress terms," "there is a question whether the description of the purported ingress/egress easement is, as a matter of law, sufficient to identify itself or whether it locates the utility easement." Defendants point to the affidavits submitted to, and excluded by, the trial court to support their argument that the area labeled on the maps "30' INGRESS / EGRESS EASEM'T" is not an ingress/egress easement but is actually a 30-foot utility easement. Defendants' argument is meritless.

First, the plain language of the label "INGRESS / EGRESS EASEM'T" defeats Defendants' argument that the easement shown on the parties' respective maps is not an ingress/egress easement but is instead a "utility easement." *See Swaim v. Simpson*, 120 N.C. App. 863, 864-65, 463 S.E.2d 785, 787 (1995) ("Because the deed identified the easement as one for ingress and egress, the trial court erred in expanding its use" "to provide for the location, installation, and maintenance of

facilities for domestic utilities[.]"). "When the language [of a conveyance] . . . is clear and unambiguous, effect must be given to its terms . . . ." *Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962). The term "ingress/egress easement" is neither ambiguous nor silent as to the scope of the easement. As Defendants note, the terms "ingress/egress" must be ignored in order for Defendants' argument to be tenable.

Defendants also argue that the "30' ingress/egress easement" language is insufficient to identify an appurtenant easement because the southern boundary line of the easement is incapable of being located. Defendants assert that it is not possible to determine if the easement is 30 feet wide since the easement's label on the Subdivision Map does not contain the word "wide." However, according to the Subdivision Map, the length of the easement is 314.47 feet. Hence, the 30-foot descriptor refers to the width of the easement.

Defendants further argue that the southern boundary line of the easement is incapable of being located because it is represented by a dotted line, which indicates that this boundary was not surveyed. As explained above, the easement represented on the maps is 314.47 feet long and 30 feet wide. The northern boundary of the easement is coterminous with the northern boundary of the Lake Wheeler Rd. Property. The southern boundary of the easement is located 30 feet from and below the northern boundary of the property at all points along the easement.

The recorded deeds and plats create a sufficiently identifiable appurtenant ingress/egress easement across the Lake Wheeler Rd. Property, which provides access to the Penny Rd. Property from Lake Wheeler Road. *See Tanglewood*, 254 N.C. App. at 830, 803 S.E.2d at 459; *Hinson*, 89 N.C. App. at 130, 365 S.E.2d at 167. All material allegations of fact were admitted in the pleadings. Plaintiffs were entitled to an easement as a matter of law. The trial court did not err by entering judgment on the pleadings in favor of Plaintiff. *See Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499.

## III. CONCLUSION

The motion for judgment on the pleadings was not converted into one for summary judgment. Judgment on the pleadings was proper because all material allegations of fact were admitted in the pleadings. As a matter of law, Plaintiffs' dominant estate is served by a perpetual appurtenant easement across the portion of Defendants' property designated "30' INGRESS / EGRESS EASEM'T" on the plat maps referenced by both Plaintiffs' and Defendants' deeds. We affirm the trial court's order.

AFFIRMED.

Chief Judge McGEE and Judge TYSON concur.